IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KATHRYN JOHNS, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL ASTRUE, Commissioner of the Social Security Administration <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:09-cv-104 BCW <br><br> Magistrate Judge Brooke C. Wells |

Plaintiff Kathryn Johns appeals from a decision of the Commissioner of Social Security denying her claims for disability benefits under the Social Security Act (the Act). The court heard oral argument on Plaintiff's appeal during which John Borsos represented Plaintiff and Anthony Navarro represented the Commissioner. Having considered the parties' arguments and relevant case law, the court concludes the ALJ failed to follow the correct legal standards. Therefore, the court remands this case for further proceedings.

## BACKGROUND

In May 2005, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-1383.[1] Plaintiff alleges a disability date of April 26, 2004, the same day she was involved in a motor vehicle accident. Plaintiff's claims were denied initially and a hearing was held before an Administrative Law Judge. Plaintiff failed to appear at the hearing, but David E. Larson, a non-attorney representative who appeared on her behalf,

---

[1] Tr. 15 (Tr. refers to the transcript of the record in this case.)

1

represented her.[2] Following testimony from Plaintiff's representative, a medical expert, and a vocational expert, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act from April 26, 2004, through the date of the decision (November 27, 2007). The Appeals Council denied Plaintiff's request for review, so the ALJ's decision became the Commissioner's final decision. This appeal followed.

Plaintiff was 49 years of age on her alleged onset date, and she was 53 on the date of the ALJ's decision.[3] She graduated from high school and completed four years of college.[4] Her past work experience includes work as a hospital data coordinator, billing clerk, owner/operator of a fast food restaurant, a human resources representative and an office manager.[5]

The ALJ determined Plaintiff had the following sever impairments: degenerative disc disease of the cervical spine and mildly displaced C4-5 fracture; old, healed compression fracture at T6; history of rotator cuff tear status post repair and recent impingement syndrome; history of alcohol-induced iron deficiency anemia; old history of hepatitis secondary to Tylenol overdose; and continuing, heavy alcohol abuse.[6] The ALJ found that Plaintiff's mental impairments, while medically determinable, were not severe apart from alcohol abuse. The ALJ concluded that Plaintiff's impairments, either singularly or in combination, did not meet or equal a listed impairment.[7] The ALJ then determined Plaintiff's residual functional capacity (RFC). The record indicates the ALJ considered Plaintiff's statements, a lengthy medical history,[8] and statements made by

---

[2] Tr. 62-63, 414-16.
[3] Tr. 72.
[4] Tr. 94.
[5] Tr. 111.
[6] Tr. 18.
[7] Tr. 21.
[8] The court finds it unnecessary to recite at length in this decision the medical history found in the ALJ's

2

Plaintiff's mother. The ALJ found that Plaintiff's impairments, excluding the effect of alcohol abuse, resulted in a RFC capable of performing sedentary work with certain restrictions. Based upon this RFC, the ALJ concluded that Plaintiff could perform her past relevant work as a data coordinator, billing clerk, home health coordinator and human resources clerk. Therefore, according to the ALJ and the Commissioner, Plaintiff is not disabled under the Act.[9]

### STANDARD OF REVIEW

The court's review of the Commissioner's decision denying Plaintiff benefits is limited to ascertaining whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.[10] "If the [Commissioner's] findings are supported by substantial evidence, they are conclusive and must be affirmed."[11] Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[12] The court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's."[13] Further, conflicts in the evidence are for the Commissioner, and not the courts, to resolve. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[14] The court will not displace the agency's decision

---

decision and the parties' memoranda.
[9] Tr. 39. Subsequent to this decision Plaintiff was found disabled. As noted during oral argument, however, there is nothing in the instant record about the subsequent decision because it was decided after the record on the instant matter closed. Pursuant to statute, the court does not consider that subsequent decision in its analysis of the instant matter.
[10] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).
[11] Selders v. Sullivan, 914 F.2d 614, 617 (5th Cir.1990); see also 42 U.S.C. § 405(g).
[12] Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).
[13] *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).
[14] *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004).

even though the court would justifiably have made a different choice if the matter had been before it de novo.[15] As noted by the Fifth Circuit, in the social security context the intent on appeal is for "'[j]udicial review [that is] deferential without being so obsequious as to be meaningless.'"[16]

## ANALYSIS

There are special statues and regulations governing drug and alcohol cases such as this one. In 1996 Congress passed the Contract with America Advancement Act.[17] This Act added an extra step to the five-step sequential evaluation for claimants seeking social security benefits. The Act provides that "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."[18] The congressional intent behind this Act is "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy."[19]

"Under the regulations, the key factor the Commissioner must examine in determining whether drugs or alcohol are a contributing factor to the claim is whether the Commissioner would still find the claimant disabled if he or she stopped using drugs or alcohol."[20] "The Commissioner must first make a determination that the claimant is

---

[15] *Lax*, 489 F.3d at 1084.
[16] *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylro v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986).
[17] *Pub.L. No. 104-121, 110 Stat. 848, 852* (enacted March 29, 1996).
[18] 42 U.S.C. § 423(d)(2)(C); *see also McGoffin v. Barnhart*, 288 F.3d 1248, 1251 (10th Cir. 2002).
[19] *Ball v. Massanari*, 254 F.3d 817, 824 (9th Cir. 2001); *see also* H.R. Rep. No. 104-379, 17 (1995) (explaining that the amendment helps eliminate "a perverse incentive that affronts taxpayers and fails to serve the interests of addicts and alcoholics, many of whom use their disability checks to purchase drugs and alcohol, thereby maintaining their addition").
[20] *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001).

4

disabled [and] must then make a determination whether the claimant would still be found disabled if he or she stopped abusing alcohol."[21]

Plaintiff argues that the ALJ made the following errors: 1) the ALJ erred in failing to find Claimant's depression and chronic headaches to be additional severe impairments; 2) the ALJ erred in assessing the relevance of Ms. Johns' alcoholism and failed to correctly apply the regulations relating to this analysis; 3) the ALJ erred in failing to properly assess Claimant's RFC; 4) the hypothetical presented to the vocational expert by the ALJ was incorrect; 5) the ALJ erred in finding that Ms. Johns could return to her past relevant work; and finally 6) the ALJ erred in failing to properly weigh Dr. Sumko's opinion. The court finds Plaintiff's second argument dispositive of this case.

Plaintiff contends the ALJ committed reversible error by not first finding that Plaintiff was disabled while using alcohol before determining whether she was disabled if she stopped using alcohol.[22] In essence, the ALJ failed to correctly apply the regulations relating to drug and alcohol abuse. In response, the Government asserts that Plaintiff "elevates form over substance."[23] The ALJ's "procedural shortcut had no effect on his ultimate, correct conclusion because the ALJ proceeded to address the question most salient to the statutory and regulatory analysis: whether Plaintiff would be disabled if she stopped using alcohol."[24] The Government admits that the ALJ did not "strictly follow [the regulations] by first evaluating Plaintiff's condition while using alcohol before

---

[21] *Id.*
[22] *Id.* at 19-20
[23] Op. p. 16.
[24] *Id.*

considering her condition while sober."[25] But, the Government asserts that such an error was harmless.

The Tenth Circuit has recognized the principle of harmless error in the administrative review setting.[26] Courts in this circuit "have specifically applied it in social security disability cases."[27] For example, the Tenth Circuit has held that minor technical errors were not enough to undermine an ALJ's decision.[28] And, even an "ALJ's conduct, although improper, d[id] not require reversal" because the procedural problems did not "alter[] the evidence before the ALJ."[29] But, a cautious approach—in applying the harmless error doctrine—is proper where a court would hold that an ALJ's failure to make a dispositive finding is harmless because the missing fact is clearly set forth in the record. The Tenth Circuit has stated:

> Two considerations counsel a cautious, if not skeptical, reception to this idea. First, if too liberally embraced, it could obscure the important institutional boundary preserved by Drapeau's admonition that courts avoid usurping the administrative tribunal's responsibility to find the facts. Second, to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action recognized in *SEC v. Chenery Corp.*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943) and its progeny.[30]

Here, the Government asserts that despite the ALJ's error, the dispositive question remains the same "whether [Claimant] would be disabled if she stopped using alcohol."[31] Thus, "because the ALJ considered that dispositive question, the ALJ did not commit

---

[25] *Id.*
[26] *See St. Anthony Hosp. v. United States Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir.2002) (following *All Indian Pueblo Council v. United States*, 975 F.2d 1437, 1443 (10th Cir.1992)).
[27] *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).
[28] *Gay v. Sullivan*, 986 F.2d 1336, 1341 n.3 (10th Cir. 1993); *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).
[29] *Glass v. Shalala*, 43 F.3d 1392, 1396-97 (10th Cir. 1994).
[30] *Allen*, 357 F.3d at 1145; *see also Drapeau*, 255 F.3d at 1214 (stating that "we are not in a position to draw factual conclusions on behalf of the ALJ").
[31] Op. p. 17.

reversible error."[32] The court admits that the Government's position does have a certain allure to it because it is probable that on remand the end result will be the same—Plaintiff will be found not disabled under the Act. But, the court cannot ignore *Drapeau v. Massanari*.[33] In *Drapeau*, the Tenth Circuit reversed and remanded an ALJ's decision for inter alia failing to correctly analyze the claimant's alcohol abuse. That court stated:

> The ALJ's analysis of plaintiff's alcohol abuse was flawed in several respects. First, the ALJ failed to determine whether plaintiff was disabled prior to finding that alcoholism was a contributing factor material thereto. The implementing regulations make clear that a finding of disability is a condition precedent to an application of § 423(d)(2)(C). 20 C.F.R. § 416.935(a). The Commissioner must first make a determination that the claimant is disabled. He must then make a determination whether the claimant would still be found disabled if he or she stopped abusing alcohol. If so, then the alcohol abuse is not a contributing factor material to the finding of disability. If, however, the claimant's remaining impairments would not be disabling without the alcohol abuse, then the alcohol abuse is a contributing factor material to the finding of disability. The ALJ cannot begin to apply § 423(d)(2)(C) properly when, as here, he has not yet made a finding of disability.[34]

The court finds this case is controlled by the Tenth Circuit's decision in *Drapeau*.[35] On the facts of this case, the court declines to adopt the expansive interpretation of the harmless error doctrine for which the Government advocates.

**ORDER**

For the foregoing reasons, the court concludes the ALJ did not apply the correct legal standards.[36] The decision of the Commissioner is REMANDED for further proceedings consistent with this order and judgment.

---

[32] *Id.*
[33] 255 F.3d 1211.
[34] *Id.* at 1214-15 (internal citations omitted).
[35] *Cf. Tower v. Barnhart*, 89 F3d.Appx. 186, 2004 WL 309337, *2 (10th Cir.) (concluding that *Drapeau* "does not apply because it directs that an ALJ 'first make a determination that the claimant is disabled[, and] then make a determination whether the claimant would still be found disabled if he or she stopped abusing [drugs.]'" (quoting *Drapeau*, 255 F.3d at 1214)).
[36] Because the court concludes the ALJ failed to apply the correct legal standards, it is unnecessary to address Plaintiff's remaining arguments.

7

DATED this 21st day of January, 2011.

                                                Brooke C. Wells
                                                United States Magistrate Judge