IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KATHRYN JOHNS,<br><br>      Plaintiff,<br>v.<br><br>MICHAEL J ASTRUE, in his capacity as Commissioner of the Social Security Administration,<br>      Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT<br><br>Case No. 1:09-cv-104<br><br>Magistrate Judge Brooke Wells |

Before the court is Kathryn Johns' motion for attorney fees,[1] filed on December 29, 2008, under the Equal Access to Justice Act (EAJA) 28 U.S.C. §2412(d).[2] The EAJA provides for an award of attorneys fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[3] The Commissioner argues the position of the Government was substantially justified and therefore, an award of fees under the EAJA is not appropriate in this case. As outlined below the court agrees with the Commissioner and DENIES Plaintiff's motion.

BACKGROUND

This case arises from an appeal from a decision of the Commissioner of Social Security denying Plaintiff's claims for disability benefits under the Social Security Act. Following briefing and oral argument, the court issued a decision remanding this case for further proceedings.[4] The court found that the ALJ incorrectly analyzed Plaintiff's alcohol abuse under

---

[1] Docket no. 24.

[2] See 28 U.S.C. § 2412(d).

[3] *Id.*

[4] *See* Memorandum Decision and Order dated January 21, 2011, docket no. 20.

the special statutes and regulations governing drug and alcohol abuse in social security disability cases.[5] In reaching this decision the court rejected the Government's harmless error argument. The Government argued that the ALJ's failure to "strictly follow [the regulations] by first evaluating Plaintiff's condition while using alcohol before considering her condition while sober"[6] was harmless. According to the Government, the ALJ's analysis was harmless because the ALJ considered the dispositive question of whether Plaintiff would be disabled if she stopped using alcohol. Although courts have applied the harmless error doctrine in social security disability cases,[7] the court declined to do so in this instance.

Based upon the court's decision, Plaintiff became the prevailing party for purposes of the EAJA. Plaintiff now moves the court for an award of attorneys fees under the EAJA in the amount of $7,500. The Government does not contest the amount, or the fact that Plaintiff was the prevailing party. But, the Government asserts that its position was substantially justified and therefore an award of attorneys fees is improper.

## STANDARD

The Commissioner has the burden to show that his position was substantially justified.[8] "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation."[9] "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or

---

[5] *See Pub.L. No. 104-121, 110 Stat. 848, 852* (enacted March 29, 1996).

[6] Def.'s mem. in op. p. 16.

[7] *See e.g.*, *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *Glass v. Shalala*, 43 F.3d 1392 (10th Cir. 1994); *Gay v. Sullivan*, 986 F.2d 1336 (10th Cir. 1993); *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774 (10th Cir. 1990).

[8] *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

[9] *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

failure alone is not determinative of the issue."[10] "For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less 'justified' it is for the government to pursue or persist in litigation."[11] "Conversely, if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified."[12]

"The test for substantial justification in this circuit is one of reasonableness in law and fact."[13] Accordingly, the government's position must be "justified to a degree that could satisfy a reasonable person."[14] "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact."[15] Of note, is the distinction between the substantial evidence standard under the Social Security Act, and the substantial justification requirement under the EAJA.[16] As articulated by this Circuit and other circuits which have directly addressed this issue, "equating a lack of substantial evidence with a lack of substantial justification would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits."[17] Moreover, to hold these two standards synonymous appears improper under the history behind the statute,[18] and at odds with the

---

[10] *Id.*

[11] *Spencer v. NLRB*, 712 F.2d 539, 559 (D.C.Cir. 1983).

[12] *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987).

[13] *Gilbert*, 45 F.3d at 1394.

[14] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)

[15] *Id.* 487 U.S. at 552 n.2.

[16] *See Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).

[17] *Id.*

[18] *See Taylor v. Heckler*, 835 F.2d 1037, 1044 (3d Cir. 1987) (examining the legislative history of the EAJA and concluding Congress "left the door open to the possibility that the government could demonstrate that a denial of disability benefits that flunked substantial evidence review was nonetheless substantially justified.").

Supreme Court's decision in *Pierce v. Underwood*.[19] Thus, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."[20]

DISCUSSION

The EAJA provides for an award of attorneys fees to a prevailing party, other than the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award of fees unjust.[21] The Government asserts its argument that the ALJ's error was harmless was reasonable. The ALJ addressed the "key factor" in determining whether alcohol abuse was a contributing factor material to the determination of Plaintiff's disability.[22] The ALJ addressed this factor "by finding that Plaintiff's mental impairments were not 'severe,' i.e., that they did not significantly limit her ability to do basic work activities, absent the effects of alcohol abuse."[23] The Government points to the fact that Plaintiff, herself, attributed her mental difficulties to alcohol abuse and the record contained evidence that Plaintiff functioned much better when she abstained from drinking. Further, the Government argues, other evidence in the record, including reports from an examining psychologist, Dr. Swaner, and Dr. Huebner, a state agency psychological consultant, supported the ALJ's findings. Thus, based upon the "substantial evidence" in the record, it was reasonable for the Commissioner to argue that the "ALJ's failure to analyze Plaintiff's alcoholism in accordance with 20 C.F.R. § 404.1535 was harmless error."[24]

---

[19] 487 U.S. 552.

[20] *Hadden*, 851 F.2d at 1269.

[21] *See* 28 U.S.C. § 2412(d)(1)(A).

[22] *See* 20 C.F.R. § 404.1535(b)(1).

[23] Op. p. 3; *see also* Transcript 18-21. Transcript refers to the administrative record of Plaintiff's case.

[24] Op. p. 4-5.

In opposition, Plaintiff asserts that the Commissioner's argument is flawed. Plaintiff argues that "for the Commissioner to argue that 'the Administrative Law Judge's unorthodox process is reasonable, because the conclusion is reasonable' is circular logic."[25] And, according to the Government's position, there would be no duties imposed on the ALJ to follow procedures as long as the ALJ answered the ultimate question by taking a shortcut. The court disagrees with Plaintiff.

As noted supra, "if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified."[26] Here, the court finds it was reasonable for the Commissioner to assert that the ALJ committed harmless error based on the evidence in the record and based upon the law. First, in remanding this case the court acknowledged that the Government's argument did have a certain allure to it. This was due to the evidence in the record that supported the ALJ's decision. Second, the harmless error doctrine has been applied to social security disability cases. And, although the court ultimately declined to apply it here, the state of that doctrine in alcohol disability cases can be viewed as "unclear or in flux." Therefore, it was reasonable for the Commissioner to argue that the ALJ committed harmless error.

Other courts have declined to award EAJA fees finding that the Government's position was substantially justified.[27] And, based on the facts of this case, the court finds that the position

---

[25] Reply p. 3.

[26] *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d at 1383.

[27] *See e.g., Gilbert*, 45 F.3d at 1394 (concluding that the government was reasonable in its defense that the plaintiff lacked standing to bring a claim which precluded EAJA fees); *Hadden*, 851 F.2d at 1269 (reversing district court decision to award fees under the EAJA and adopting "the majority rule that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."); *Martinez* 815 F.2d at 1383 (affirming district court's conclusion that the government's position at trial was substantially justified, thus precluding an award of fees under the EAJA); *cf. Taylor*, 835 F.2d at 1043-44 (concluding that the government's position was not substantially justified, but declining to adopt a per se rule wherein the government's position would not be substantially justified under the EAJA if it failed to pass review under the substantial evidence standard).

of the United States was substantially justified. Therefore, Plaintiff's motion for attorney fees under the EAJA is DENIED.[28]

DATED this 25 April 2011.

Brooke C. Wells
United States Magistrate Judge

---

[28] Docket no. 24.